## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND,<br>900 Seventh Street, N.W.<br>Washington, DC 20001 | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| COLMA INVESTORS, L.P.,<br>a California limited liability partnership,<br>1600 W. Campbell Avenue<br>Campbell, California 95008 | ) ) ) ) | |
| | ) | |
| JSM ENTERPRISES, INC.,<br>a California corporation,<br>1600 W. Campbell Avenue<br>Campbell, California 95008; | ) ) ) ) | |
| | ) | |
| AFFORDABLE HOUSING ACCESS, INC.,<br>a California corporation,<br>4029 Westerly Place<br>Newport Beach, California 92660 | ) ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES S. MORLEY,<br>15223 Montalvo Heights Court<br>Saratoga, California 95070 | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The National Electrical Benefit Fund (hereinafter the "Fund"), Plaintiff, by and through its

attorneys, brings this action for breach of contract and breach of fiduciary duties against Defendants

Colma Investors, L.P. ("Colma"), JSM Enterprises, Inc. ("JSM"), Affordable Housing Access, Inc.

("AHA") and James S. Morley ("Morley"), alleging as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

2.      Venue is proper in the district pursuant to 28 U.S.C. § 1391(a)(3) in that Defendants are subject to personal jurisdiction in the District of Columbia.

## PARTIES

3.      The Fund is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and has a principal place of business at 900 Seventh Street, N.W., Washington, District of Columbia 20001.  Plaintiffs Jon F. Walters and D.R. Borden, Jr. are the Trustees to the Fund within the meaning of Section 403 of ERISA, 29 U.S.C. § 1103, and as such are fiduciaries to the Fund.  ERISA Section 3(21)(A), 29 U.S.C.§1002(21)(A).  They are citizens of the state of Idaho and Florida, respectively.

4.      Defendant Colma is a California limited liability partnership with a principal place of business at 1600 W. Campbell Avenue, Campbell, California.

5.      Defendant JSM is a California corporation with a principal place of business at 1600 W. Campbell Avenue, Campbell, California.

6.      Defendant AHA is a California corporation with a principal place of business at 4029 Westerly Place, Newport Beach, California.

2

7.      Defendant Morley is an individual who resides and works in California.   Upon information and belief, Defendant Morley's principal residence is 15223 Montalvo Heights Court, Saratoga, California.

## STATEMENT OF CLAIM

### Background

8.       A Delaware limited  partnership now known as Colma Apartment Associates, L.P. (the "Partnership") was established in October 2002 for the purpose of (among other things) developing, operating and then selling property known as La Terrazza located in Colma, California (the "Property").

9.      At all times relevant to this Complaint the Fund has been the sole limited partner of the Partnership.

10.     At all times relevant to this Complaint, the general partners of the Partnership have been Defendant AHA and Defendant Colma.  Defendant AHA is the Managing General Partner, and Defendant Colma the Co-General Partner.

11.     The Partnership is governed by the First Amended and Restated Limited Partnership Agreement of Colma Apartment Associates, L.P., a Delaware limited partnership, (the "Partnership Agreement") dated October 1, 2002.

12.     In connection with the creation of the Partnership, Defendant JSM and Defendant Morley, both of whom have direct or indirect ownership interests in Defendant Colma, tendered a Guaranty of Fraudulent Acts dated October 1, 2002 (the "Guaranty").  The Guaranty was executed for the purpose of inducing the Fund to invest in the Partnership.

13.    The Partnership Agreement contemplates the sale of the Property, and that upon the sale of the Property, a distribution of the proceeds will be made to the Fund in accordance with Section 4.2 thereof.  Specifically, Section 4.2 provides:

**4.2    Distributions of Capital Event Proceeds.**    Except as otherwise provided in Section 8.3, Capital Event Proceeds shall be distributed and paid within twenty (20) days after such proceeds are received by the Partnership, in the following order of priority:

(i)    First, in the event the Co-General Partner or the Fund does not contribute a Capital Contribution called for under this Agreement, then to the Non-Defaulting Partner until the cumulative amount distributed to such Non-Defaulting pursuant to Section 4.1(i) and this Section 4.2(i) equals such Non-Defaulting Partner's Disproportionate Capital Contributions; provided, that if there is more than one Non-Defaulting Partner and the amount available for distribution pursuant to this Section 4.2 is not sufficient to pay to each Non-Defaulting Partner its Disproportionate Capital Contributions, then each Non-Defaulting Partner shall be paid pro rata in proportion to the aggregate amount of Disproportionate Capital Contributions made by such Non-Defaulting Partner;

(ii)    Second, eight percent (80%) to the Fund and twenty percent (20%) to the Co-General Partner on a pro rata basis, until the fund shall have realized a fifteen percent (15%) Internal Rate of Return on its Capital Contributions; and

(iii)    Thereafter, fifty percent (50%) to the Fund and fifty percent (50%) to the Co-General Partners on a pro rata basis.

It is acknowledged and agreed that the distribution amounts and percentages under Sections 4.1(ii), (iii) and (iv) and Sections 4.2 (ii) and (iii) shall be determined on a "look-back" basis. For example, if, upon the first Refinancing, the distributions under Section 4.2 reach the level of and satisfy subclause (ii) (i.e., the proceeds from the Refinancing are sufficient to yield to the Fund a 15% Internal Rate of Return), and such distributions completely absorb the resulting Capital Event Proceeds (i.e., there are no further proceeds available for distribution under subclause (iii)), upon the next Capital Event (e.g., another Refinancing or a Sale), assuming that no additional

4

Capital Contributions have been made since the time of the initial Refinancing, the distributions of the resulting Capital Event Proceeds of a subsequent Capital Event would begin at the level of subclause (i) and proceed to subclause (iii) only to the extent such Capital Event Proceeds allow (i.e., the Fund would be entitled to reach the 15% Internal Rate of Return threshold set forth in subclause (iii) on its "new" capital prior to the time the General Partners would be entitled to the "promoted" distribution percentage referenced in subclause (iii)).

**4.2A    No Distributions to the Managing General Partner.** The Managing General Partner acknowledges and agrees that, notwithstanding any provision herein to the contrary, it shall not be entitled to receive, and shall not receive, any distributions of Distributable Cash or Capital Event Proceeds, but shall be entitled only to the Managing General Partner Fee in lieu of any and all distributions that may be made to any or all of the Partners hereunder.

14.    The Partnership Agreement at Section 5.5 provides that Defendant Colma is liable to the Fund for any acts or omissions of the Co-General Partners that constitute, among other things, willful misconduct, self-dealing, breach of fiduciary duty, fraud, misapplication of funds, theft, or intentional misrepresentation.

15.    The Guaranty provides that Defendants JSM and Morley are personally liable to the Fund for any acts or omissions of Defendant Colma in its capacity as general partner of the Partnership that constitute gross negligence not covered by insurance, willful misconduct, self-dealing, breach of fiduciary duty, fraud, misapplication of funds, theft, or intentional misrepresentation.

## Sale of the Property and Distribution of Proceeds

16.     On or around August 14, 2007, the Fund was informed by Defendant Colma, in its capacity as Co-General Partner, that the Partnership closed on the sale of the Property to an entity known as ERP Operating Limited Partnership on the same day.

17.     The Fund was provided with a copy of a purported final settlement statement (dated August 15, 2007; time: 4:51 p.m.) by Defendant Colma, with no supporting documentation, as is required by the Partnership Agreement at Section 9.1.8.

18.     As a result of the sale, the Fund was to receive a distribution of the proceeds in the total amount of $11,264,107, as provided for in Section 4.2 of the Partnership Agreement.

19.     On August 20, 2007, Defendant Colma distributed $10,193,372 of the proceeds from the sale of the Project to the Fund, but has failed and refused to distribute the remaining amounts required by Section 4.2 of the Partnership Agreement.

20.     In the Fund's efforts to reconcile the proceeds it received with the settlement statement, the Fund was informed by Chicago Title Company on September 4, 2007 that the purported final settlement statement provided to the Fund by the Co-General Partner was not, in fact, the final settlement statement.  Chicago Title Company provided the Fund with the true final settlement statement (dated August 16, 2007; time: 11:17 a.m.) on September 5, 2007.

21.     The Fund made proper demand under the Partnership Agreement of Defendants Colma and AHA for all amounts due the Fund under the Partnership Agreement, and Defendants Colma and AHA failed and refused to make payment.

6

22.    The Fund made proper demand under the Guaranty of Defendants JSM and Morley for all amounts due the Fund under the Guaranty, and Defendants JSM and Morley failed and refused to make payment.

23.    As a result of the acts and omissions of all Defendants, the Fund has been damaged in an amount not less than $1,070,735.

## COUNT I
### (Breach of Partnership Agreement by Colma and AHA)

24.    The Fund repeats and realleges paragraphs 1 to 23 as if set forth herein.

25.    The Fund performed all of its obligations under the Partnership Agreement.

26.    Defendant Colma and Defendant AHA, as general partners of the Partnership, have intentionally breached the Partnership Agreement by failing and refusing to tender proceeds from the sale of the Property to the Fund in accordance with Section 4.2 of the Partnership Agreement.

27.    As a result of Defendant Colma's and Defendant AHA's breach of Section 4.2 of the Partnership Agreement, the Fund has been damaged in an amount no less than $1,070,735.

## COUNT II
### (Breach of Partnership Agreement by Colma)

28.    The Fund repeats and realleges paragraphs 1 to 27 as if set forth herein.

29.    Section 5.5.1 of the Partnership Agreement provides that Defendant Colma shall be liable to the Fund for any acts or omissions of Defendant Colma and/or Defendant AHA that constitute gross negligence not covered by insurance, willful misconduct, self-dealing, breach of fiduciary duty, fraud, misapplication of funds, theft or intentional representations.

30.     Defendant Colma's and Defendant AHA's failure to tender amounts due the Fund and other breaches of the Partnership Agreement constitute gross negligence not covered by insurance, willful misconduct, self-dealing, breach of fiduciary duty, misapplication of funds, theft, and/or intentional representation.

31.     The Fund has been damaged by Defendant Colma's and Defendant AHA's acts and omissions as alleged above.

32.     Defendant Colma has failed and refused to satisfy its obligations under Section 5.5.1, despite demand for same.

33.     As a result of Defendant Colma's breach of Section 5.5.1 of the Partnership Agreement, the Fund has been damaged in the amount of not less than $1,070,735.

## COUNT III
### (Breach of Fiduciary Duty by Defendants Colma and AHA)

34.     The Fund repeats and realleges paragraphs 1 to 33 as if set forth herein.

35.     Defendants Colma and AHA are general partners of the Partnership.

36.     As general partners of the Partnership and under Section 5.1.3 the Partnership Agreement, Defendant Colma and Defendant AHA have a fiduciary duty to the Partnership and the Fund.

37.     Defendants Colma and AHA breached their fiduciary duties with respect to the Partnership and the Fund by failing to perform their duties as general partners in accordance with the plain terms of the Partnership Agreement, by failing to act in good faith with respect to its

obligations under the Partnership Agreement, and by dealing with assets of the Partnership for their own accounts and to the detriment of the Fund.

38.    As a result of Defendants Colma and AHA's failure to act as fiduciaries with respect to the Fund, the Fund has been damaged in an amount not less than $1,070,345.

## COUNT IV
### (Breach of Guaranty by JSM and Morley)

39.    The Fund repeats and realleges paragraphs 1 to 38 as if set forth herein

40.    The Guaranty is a valid and enforceable contract.

41.    The Guaranty provides that Defendants JSM and Morley are personally liable to the Fund for any acts or omissions of Defendant Colma and/or Defendant AHA in connection with the Partnership Agreement that constitute gross negligence not covered by insurance, willful misconduct, self-dealing, breach of fiduciary duty, fraud, misapplication of funds, theft or intentional representation.

42.    Defendant Colma's and Defendant AHA's failure to tender amounts due the Fund and other breaches of the Partnership Agreement constitute gross negligence not covered by insurance, willful misconduct, self-dealing, breach of fiduciary duty, misapplication of funds, theft, and/or intentional representation.

43.    The Fund has been damaged by Defendant Colma's and Defendant AHA's acts and omissions, as alleged above.

44.    Defendants JSM and Morley have failed and refused to satisfy their obligations under the Guaranty, despite demand for same.

45.     Defendants JSM and Morley have breached the Guaranty by failing to tender to the Fund amounts due the Fund under the Guaranty.

46.     As a result of Defendants JSM's and Morley's breach of the Guaranty, the Fund has been damaged in the amount of not less than $1,070,735.

## COUNT V
### (Breach of §406(a)(1)(D) of ERISA by Colma and AHA)

47.     The Fund repeats and realleges paragraphs 1 to 46 as if set forth herein.

48.     Defendants Colma and AHA, as general partners of the Partnership, hold assets belonging to the Fund.

49.     As a result of its failure to tender to the Fund amounts owed to the Fund, Defendants Colma and AHA exert discretion and control over the Fund assets.

50.     Defendants Colma and AHA, by virtue of the discretion and control they hold over the Fund plan assets, are now fiduciaries to the Fund under section 21(A) of ERISA, 29 USC § 1002(21)(A).

51.     Defendants Colma and AHA have violated section 406(a)(1)(D) of ERISA, 29 USC § 1106(a)(1)(1), by transferring assets belonging to the Fund to Defendant JSM.

52.     As a result of Defendants Colma's and AHA's breaches of fiduciary duty, Defendants Colma and AHA are liable to the Fund pursuant to Section 409 of ERISA, 29 USC § 1109, in the amount of not less than $1,070,735, and must restore the Fund any profits Defendants Colma and AHA have made through their use of said amounts.

## COUNT VI
### (Breach of ERISA §406(b)(1) of ERISA by Colma and AHA)

53.    The Fund repeats and realleges paragraphs 1 to 52 as is set forth herein.

54.    Defendants Colma and AHA hold assets belonging to the Fund.

55.    As a result of its failure to tender to the Fund amounts owed to the Fund, Defendants Colma and AHA exert discretion and control over the Fund assets.

56.    Defendants Colma and AHA, by virtue of the discretion and control they hold over the Fund plan assets, are now fiduciaries to the Fund under section 21(A) of ERISA, 29 USC § 1002(21)(A).

57.    Defendant Colma has violated section 406(b)(1) of ERISA, 29 USC § 1106(b), by dealing with assets of the Fund for their own interest and account.

58.    As a result of Defendants Colma's and AHA's breaches of fiduciary duty, Defendants Colma and AHA are liable to the Fund, pursuant to Section 409 of ERISA, 29 USC § 1109, in the amount of not less than $1,070,735 and must restore to the Fund any profits Defendants Colma and AHA have made through their use of said amounts.

## COUNT VII
### (Unjust Enrichment of Colma, JSM and Morley)

59.    The Fund repeats and realleges paragraphs 1 to 58 as if set forth herein.

60.    Defendants Colma and AHA, as general partners of the Partnership, failed and refused to tender proceeds from the sale of the Property to the Fund in accordance with the Fund's rights under Section 4.2 of the Partnership Agreement.

61.     Defendants Colma and AHA, in breach of the Partnership Agreement, transferred assets that would otherwise have been payable to the Fund to Defendants Colma, JSM and/or Morley.

62.     Defendants Colma, JSM and Morley knew that the transferred assets rightfully belong to the Fund.

63.     The acceptance and retention of the assets belonging to the Fund is inequitable to the Fund.

64.     Defendants Colma, JSM and/or Morley are unjustly enriched by virtue of their receipt of Partnership assets to which they have no rightful claim.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(1)     that the Court enter Judgment in favor of the Fund and against Defendants Colma, JSM and Morley, jointly and severally, in the amount of $1,070,735 in compensatory damages, plus profits thereon;

(2)     that Defendants be directed to give a full accounting to the Court and the Fund in order to determine whether any additional award is needed to fully compensate the Fund for all damages attributable to Defendants' conduct;

(3)     that any monetary Judgment awarded the Fund include punitive or exemplary damages;

(4)     that interest accrue on all amounts awarded at the highest rate allowable under

law;

(5)     that any monetary Judgment awarded the Fund include its attorneys' fees and

costs in accordance with Section 10.11 of the Partnership Agreement and/or

Section 26 of the Guaranty.


Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court

deems appropriate.


Dated: November 16, 2007

Jennifer Bush Hawkins
Fed/Bar No. 450103
POTTS-DUPRE, DIFEDE & HAWKINS, CHTD.
900 Seventh Street, N.W., Suite 1020
Washington, D.C. 20001
(202) 223-0888
Attorneys for the National Electrical Benefit Fund

13

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

NATIONAL ELECTRICAL BENEFIT FUND

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___11001___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jennifer Bush Hawkins
Potts-Dupre, Difede & Hawkins, Chtd.
900 Seventh Street, N.W., Suite 1020
Washington, DC 20001

## DEFENDANTS

COLMA INVESTORS, L.P., JSM ENTERPRISES, INC.,
AFFORDABLE HOUSING ACCESS, INC., and JAMES S. MORLEY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government
    Plaintiff

O 2 U.S. Government
    Defendant

O 3 Federal Question
    (U.S. Government Not a Party)

● 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | ● 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | ● 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### O A. Antitrust

☐ 410 Antitrust

### O B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### O C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
    Administrative Agency is Involved)

### O D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### O E. General Civil (Other) OR O F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
    defendant
☐ 871 IRS-Third Party 26
    USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
    of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
    Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
    Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
    Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
    Exchange
☐ 875 Customer Challenge 12 USC
    3410
☐ 900 Appeal of fee determination
    under equal access to Justice
☐ 950 Constitutionality of State
    Statutes
☐ 890 Other Statutory Actions (if
    not administrative agency
    review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊙ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332 diversity action for breach of contract/

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 1,070,735.00  JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐  NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 11/16/07   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.